IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**CARNEAL EASON**                                                                 **PLAINTIFF**

**CASE NO. 2:18-CV-169-DPM**

**WAGNER SPRAY TECH CORPORATION**
**d/b/a TITAN TOOL, INC.; and SHERWIN-WILLIAMS**     **DEFENDANT**

## AGREED PROTECTIVE ORDER

The parties to this case, through their respective counsel, agree that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, they will protect the confidentiality of certain information (including deposition testimony) and documents (including documents stored in any electronic format). The parties agree that the confidentiality of this information and these documents shall be preserved under the terms of this Protective Order.

1. It is agreed that material requested by or of any of the parties, and any non-parties from which discovery may be sought, which they deem confidential, shall be disclosed only to the following individuals, each of whom shall be required to read this Protective Order and agree to abide by its terms before being given any of the information:

   a. Counsel for plaintiff and counsel for defendant who are actively engaged in the conduct of this litigation and their staff to the extent reasonably necessary to render professional services in the litigation;

b. The parties to the litigation and their experts;

c. Witnesses providing sworn deposition testimony;

d. The Court and its staff; and

e. Any other individuals included by order of the Court.

Documents produced by the parties to which this Protective Order is applicable shall be stamped "CONFIDENTIAL" by the party desiring the document to be designated confidential.

2. The inadvertent production, without designation as confidential, of information or a document intended to be designated or that should have been designated as being confidential shall not waive the right to so designate such document or information. Any information or documentation that is inadvertently not designated as being confidential when produced shall be, upon written request of the producing party, thereafter treated as being designated as confidential under this Protective Order.

3. A party or non-party may designate as "CONFIDENTIAL" portions of any deposition transcript wherein confidential information or materials designated as "CONFIDENTIAL" are identified, discussed, or disclosed. Portions of a deposition transcript so designated will be subject to the terms of this Protective Order. The designation must be made by letter sent by facsimile or electronic mail to opposing counsel within twenty-one business days after receipt of the transcript. Any confidentiality designation asserted on the record during a deposition must be

confirmed in writing within this same time period, providing the specific pages of the transcript that are designated as "CONFIDENTIAL." The portions of a deposition transcript that mention or discuss materials designated as "CONFIDENTIAL" must be treated as "CONFIDENTIAL" and therefore subject to this Protective Order until 5:00 p.m. Central Time on the twenty-first (business day after receipt of the transcript. All portions of the deposition transcript not designated as "CONFIDENTIAL" by 5:00 p.m. Central Time on the twenty-first business day after receipt of the transcript are excluded from the protections of this Protective Order.

4. Designation of documents or information as Confidential Information shall not be effective as to information obtained from the public domain or from sources (other than the Producing Party) who were rightfully in possession of the information and authorized to disclose it, regardless of whether such information is also contained in material designated as Confidential Information by a Producing Party.

5. Any Party may challenge the designation of Confidential Information. A failure of a Party to challenge expressly a designation of Confidential Information shall not constitute a waiver of the right to assert at any subsequent time that the material designated does not constitute Confidential Information. Any Party that disagrees with the designation of any information as Confidential Information shall notify the opposing Party. The parties shall meet and confer concerning the

challenge to the confidentiality designation. Should the parties not resolve the disagreement, the Parties shall have thirty days after the close of the meet and confer to submit a "Joint Report of Discovery Dispute" explaining the disagreement to the Court. The burden of proving that the designation is proper under Federal Rule of Civil Procedure 26(c)(1)(G) shall be upon the designating Party. The designated information shall be treated as Confidential Information until the Court rules on the discovery dispute. If a Joint Report of Discovery Dispute is not submitted to the Court in accordance with this Paragraph, or if the Court finds the designation of Confidential Information to have been inappropriate, the challenged designation shall be considered rescinded. The Parties thereafter shall not be required to treat the information as Confidential Information.

6. Information designated as "Confidential" must not be filed on the public docket. If practicable, it should be redacted. FED. R. CIV. P. 5.2. If an entire page contains information designated as "Confidential," substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any information designated as "Confidential" and a related motion, brief, or paper, containing that material under seal. The moving party must justify sealing with specifics and solid reasons including an explanation about why redaction cannot be done.

7. The information and documentation covered under this Protective Order shall be used only for purposes of this litigation. No individual shall disclose any of the documents or information to any other individual, directly or indirectly, except as authorized by this Protective Order. No individual shall use any of the information or documentation to the detriment of the producing party or for any other business or financial benefit of the individual outside of this litigation.

8. In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosure. In the event either party is subpoenaed or otherwise required by legal process to disclose the information, it shall immediately notify the producing party and provide it with an opportunity to object before any disclosure is made.

9. Within sixty days after the conclusion of all aspects of the litigation of this case, whether by settlement, final judgment or appeal, confidential documents and all copies in print (other than exhibits of record), on computer disc or in any type of electronic format shall be destroyed or returned, at the election of the producing party, to the party or non-party that produced the documents.

10. Unless this Court orders otherwise, this Protective Order shall remain in effect for one year after this case ends by final disposition, including any appeals. This Court retains jurisdiction to enforce this Order during that period. Thereafter,

the obligations in this Protective Order shall be solely a matter of contract among the signatories.

IT IS SO ORDERED on this \_\_12th\_\_ day of \_\_June\_\_ 2019.

_____
UNITED STATES DISTRICT JUDGE

AGREED AS TO FORM AND CONTENT:

Dated: May 20, 2019

| PLAINTIFFS: | DEFENDANTS: |
|---|---|
| By: David A.Hodges<br>David A. Hodges (65021)<br>Attorney at Law<br>212 Center Street, Fifth Floor<br>Little Rock, AR 72201<br>501.374.2400<br>david@hodgeslaw.com<br><br>and<br><br>Louis A. Etoch (89030)<br>Attorney at Law<br>727 Cherry<br>PO Box 100<br>Helena, AR 72342<br>870.338.3591<br>louis@etochlaw.com | By: Michael D. Barnes<br>Michael D. Barnes (88071)<br>WRIGHT, LINDSEY &<br>JENNINGS LLP<br>200 West Capitol Avenue<br>Suite 2300<br>Little Rock, AR 72201<br>501.371.0808<br>mbarnes@wlj.com<br><br>and<br><br>George W. Soule, *pro hac vice*<br>SOULE & STULL LLC<br>Eight West 43rd Street, Suite 200<br>Minneapolis, MN 55409<br>612.353.6403<br>gsoule@soulestull.com<br><br>*Attorneys for Defendant Wagner Spray Tech Corporation*<br><br>By: Thomas G. Williams<br><br>Thomas G. Williams (88186)<br>Quattlebaum, Grooms & Tull PLLC<br>111 Center Street<br>Suite 1900<br>Little Rock, AR 72201<br>501.379.1700<br>twilliams@qgtlaw.com<br><br>*Attorneys for Sherwin Williams* |