IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

CARNEAL EASON                                                                    PLAINTIFF

v.                              No. 2:18-cv-169-DPM

WAGNER SPRAY TECH
CORPORATION, d/b/a
Titan Tool, Inc.;
and SHERWIN-WILLIAMS                                                        DEFENDANTS

ORDER

This dispute about injuries Eason sustained while cleaning a paint spray gun came here by removal in 2017. There was a hugger-mugger at the beginning about who were the correct defendants. *Doc. 37* in No. 2:17-cv-176-DPM. The result was this second case. Eason's live complaint has five counts: negligence in various particulars (including failure to warn); strict liability for a defect; and three warranty claims. The May 2019 Scheduling Order—which was entered belatedly for various reasons—prescribed a quick June 2019 deadline for amendments, given the age of the case and the prior proceeding. Trial is scheduled for December 2020. The remaining defendants recently moved for summary judgment, arguing that all of Eason's claims come down to an alleged defect, which they argue does not exist. Eason responded yesterday. More than two months ago, Eason moved to amend his complaint with a new count: a fleshed out claim for

negligent failure to warn. He says the facts about this claim were only just revealed in the late January 2020 deposition of a defense expert. There has been much commendable cooperation in discovery. The Court is tardy in addressing the motion to amend.

Eason candidly acknowledges that he must show good cause to get his amendment through the door. FED. R. CIV. P. 16(b); *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). The proposed amendment comes almost eight months beyond the deadline. Defendants oppose it, pointing to all the warnings on the spray gun itself and in the user's manual, which Eason of course had possessed for many years, and contending that the expert added nothing new. They also argue that the amendment would be futile.

Eason's motion is denied. He has not provided a sufficient reason for the delay. Eason had access to all the information needed to put meat on the bones of his existing negligent warnings claim long before the amendment deadline. This goes to diligence. *Kozlov*, 818 F.3d at 395. And while the expert may have provided some supporting material for argument, Eason says his warnings claim is not one that requires an expert. *Doc. 41 at 12–13*.

But, the warnings issue is in the case. Eason pleaded it as part of his negligence claim: "Failing to warn the intended consumer that the sprayer contained a defective condition, thereby creating a substantial

-2-

risk[.]" *Doc. 16 at 5.* This is an admittedly general statement, but read with the incorporated "factual background" allegations, it is not conclusory. *Doc. 16 at 3–4.* As Eason's reply documents, defendants understood this allegation of negligence because warnings issues run through their expert disclosures. *Doc. 41 at 3–4; Doc. 41-2.* And their expert gave opinions on warnings at this deposition.

So, where does this leave things? The motion to amend fails. Eason has a negligence claim, which he may press and argue in terms of allegedly inadequate warnings. The Court therefore gives defendants until 8 May 2020 to reply in general and expand their summary judgment papers to address warnings specifically. As Eason notes, defendants' futility argument against the proposed amendment is really one for summary judgment. Please bring it all together. The Court requests a sur-reply (limited to warnings) from Eason by 22 May 2020. As the moving parties, defendants will get the last word on warnings, with any sur-sur-reply on those issues due by 2 June 2020.

\* \* \*

Motion to amend, *Doc. 36 & 38,* denied. Briefing schedule extended. Joint report, *Doc. 45,* appreciated. Given the parties' willingness, the Court refers the case to Magistrate Judge Kearney to hold a settlement conference on a mutually convenient date in July.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

28 April 2020